MALONEY, Appellant,

v.

**BARBERTON CITIZENS HOSPITAL, Appellee.**

[Cite as *Maloney v. Barberton Citizens Hosp.* (1996), 109 Ohio App.3d 372.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17290.

Decided Feb. 14, 1996.

*Richard L. Henning,* for appellant.

*Edward G. Kemp,* for appellee.

DICKINSON, Judge.

Plaintiff Kathleen Maloney has appealed from an order of the Summit County Court of Common Pleas that granted defendant Barberton Citizens Hospital summary judgment. She has argued that (1) the trial court incorrectly granted defendant summary judgment on her claim that it discriminated against her in violation of R.C. 4112.02(A) because there was a genuine issue of material fact regarding whether she had a physical impairment that substantially limited a major life activity; and (2) the trial court incorrectly granted defendant summary judgment on her claim that it discriminated against her in violation of the

Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S.Code, because there were genuine issues of material fact regarding (a) whether she had a physical impairment that substantially limited a major life activity, and (b) whether she was regarded as having an impairment that substantially limited a major life activity. This court affirms the judgment of the trial court because there were no genuine issues of material fact regarding whether (1) plaintiff had a physical impairment that substantially limited a major life activity, or (2) defendant regarded her as having a physical impairment that substantially limited a major life activity.

## I

Plaintiff Kathleen Maloney, a licensed practical nurse, is a former employee of defendant Barberton Citizens Hospital. She injured her back while turning a patient on April 19, 1994, and took a medical leave of absence from work. Her doctor certified that she could return to work on May 4, 1994, but with the restrictions that she could not lift anything over ten pounds and that she should do "minimal bending." Plaintiff allegedly met with employees of defendant on May 4, 1994, and informed them that she could return to work, but with restrictions. She has alleged that these employees told her that, pursuant to defendant's regulations, she could not return to work until her doctor certified that she could work without restrictions. Plaintiff was unable to get her doctor to certify that she could work without restrictions. She moved out of state on May 28, 1994, without having returned to work for defendant. On June 24, 1994, a doctor in South Carolina certified that she could return to work without restrictions.

Plaintiff filed this action against defendant on May 20, 1994. She alleged that defendant had discriminated against her because she was handicapped in violation of the Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S.Code, and R.C. 4112.02(A). Among other things, she sought a declaratory judgment that defendant's policy of not permitting an injured employee to return to work until a doctor certified that the employee could work without restrictions violated federal and state law.

On December 23, 1994, defendant moved for summary judgment. Plaintiff responded on March 1, 1995, and defendant replied to that response on March 20, 1995. On May 10, 1995, the trial court granted defendant summary judgment on all plaintiff's claims. Plaintiff timely appealed to this court.

## II

### A

Plaintiff's first assignment of error is that the trial court incorrectly granted defendant summary judgment on her claim that it discriminated against her

because she was handicapped in violation of R.C. 4112.02(A). She has argued that there was a genuine issue of material fact regarding whether she had a physical impairment that substantially limited a major life activity.[1]

█ In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. The first step in determining whether there were any genuine issues of material fact is an examination of applicable substantive law:

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211.

As the moving party on its motion for summary judgment, defendant had the initial burden of informing the trial court of the basis upon which it claimed to be entitled to summary judgment. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 274. Plaintiff, however, would have had the burden of proof at trial. Accordingly, to avoid having summary judgment properly entered against her, plaintiff was required to introduce evidence, or point to evidence, already in the record, that, if believed, would have been sufficient to support judgment in her favor. See *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 249–250, 106 S.Ct. at 2510–2511, 91 L.Ed.2d at 212.

R.C. 4112.02 provides:

█ "It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the * * * handicap * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

In order to establish a prima facie case of handicap discrimination, a plaintiff must demonstrate that (1) he or she was handicapped; (2) an adverse employment action was taken by an employer, at least in part, because the individual was handicapped; and (3) that the person, though handicapped, could safely and

---

1. Plaintiff has not argued on appeal that defendant regarded her as handicapped in violation of R.C. 4112.02(A).

substantially perform the essential functions of the job in question. *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 281, 25 OBR 331, 333–334, 496 N.E.2d 478, 480–481. R.C. 4112.01(A)(13) defines a "handicap" as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

Plaintiff has argued that defendant discriminated against her because she was handicapped when it did not permit her to return to work while she was under restrictions for her back injury. She has asserted that her back injury was a handicap that defendant was required to accommodate by finding her work at the hospital which she could do despite her restrictions.

Plaintiff testified at her deposition that, following her injury, she was unable to work, lift, clean, or go shopping for a period of weeks. She admitted, however, that her injury affected her only for a definite period of time, that she no longer suffered from any residual effects of her injury, and that a doctor certified on June 24, 1994, that she could return to work without any restrictions. Plaintiff has argued that she was handicapped on the date she attempted to return to work at defendant's hospital, because on that date she was still suffering from her injury.

This court cannot say that plaintiff had a physical impairment which substantially limited a major life activity. At most, plaintiff's back injury was a transitory injury, which caused her pain and inconvenience for a definite period of time, but which had no adverse residual effects. Such an injury does not constitute a handicap under R.C. 4112.01(A)(13).

The trial court properly granted defendant summary judgment on plaintiff's claim that it discriminated against her in violation of R.C. 4112.02(A) because there were no genuine issues of material fact regarding whether she had a physical impairment that substantially limited a major life activity. Plaintiff's first assignment of error is overruled.

B

Plaintiff's second assignment of error is that the trial court incorrectly granted defendant summary judgment on her claim that it discriminated against her in violation of the Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S.Code, because there was a genuine issue of material fact regarding whether (1) she had a physical impairment that substantially limited a major life activity,

and (2) she was regarded as having a physical impairment that substantially limited a major life activity.

The Americans with Disabilities Act ("ADA") provides that:

"No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Section 12112(a), Title 42, U.S.Code.

The ADA defines a "disability" as:

"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

"(B) a record of such an impairment; or

"(C) being regarded as having such an impairment." Section 12102(2), Title 42, U.S.Code.

■ Plaintiff has argued that her back injury constituted a physical impairment that substantially limited a major life activity because, on the date she sought to return to work, she was still suffering from her injury. Plaintiff has not claimed, however, that her injury had or will have any long term effect. In fact, at her deposition, she admitted that the injury affected her only for a matter of months and that she no longer suffered from any residual effects.

In determining whether an impairment substantially limits a major life activity, several factors should be considered: (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. Section 1630.2(j)(2), Title 29, C.F.R.[2]

In *Evans v. Dallas* (C.A.5, 1988), 861 F.2d 846, a former city employee sued the city, alleging that it had discriminated against him in violation of the Rehabilitation Act of 1973, Section 701 *et seq.*, Title 29, U.S.Code.[3] The plaintiff asserted that he had a claim under the Act because one of the reasons for his termination was excessive absenteeism due to a knee injury. The Fifth Circuit found that the

---

**2.** Citations to Section 1630 *et seq.*, Title 29, C.F.R. are to the those regulations that were in effect on the date defendant allegedly discriminated against plaintiff.

**3.** The Rehabilitation Act prohibits discrimination on the basis of a "handicap." The ADA replaces this term with the term "disability." The definitions of the two terms, however, are the same, and the two statutes are interpreted identically on the issue of what constitutes a "handicap" or "disability." Interpretive Guidance on Title I of the Americans with Disabilities Act, Section 1630.1(a), Appendix, Title 29, C.F.R. (1993).

plaintiff was not an individual with a handicap, as defined by the Rehabilitation Act, because his injury was of a transitory nature:

"Although the injury may have limited Plaintiff's life activities during his recuperation, Plaintiff does not allege that it continues to do so; nor does he contend that others regard him as having an impairment that continues to do so. * * *" *Id.* at 852.

The interpretive guidelines to the ADA similarly provide that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." Interpretive Guidance on Title I of the Americans with Disabilities Act, Section 1630.2(j), Appendix, Title 29, C.F.R. (1993). The guidelines give as examples broken limbs, sprained joints, concussions, appendicitis, and influenza. *Id.*

Inasmuch as plaintiff has not alleged that her back injury had any residual effects or was permanent in nature, her injury was not a physical impairment which substantially limited a major life activity. See *Blanton v. Winston Printing Co.* (M.D.N.C.1994), 868 F.Supp. 804. Plaintiff, therefore, was not disabled within the meaning of Section 12102(2)(A), Title 42, U.S.Code.

■ Plaintiff has argued that, even if her back injury was not a physical impairment that substantially limited a major life activity, she was, nevertheless, disabled because defendant regarded her as such. She has contended that defendant regarded her as disabled because it would not permit her to return to work until a doctor certified that she could work without restrictions.

A plaintiff is regarded as having an impairment when she:

"(1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;

"(2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

"(3) Has [no impairment] * * * but is treated by a covered entity as having a substantially limiting impairment." Section 1630.2(*l*), Title 29, C.F.R. (1993).

Even if defendant's employees did tell plaintiff that she could not return to work until she could work without restrictions, this alone is not evidence that defendant regarded her as having an impairment that substantially limited a major life activity. At most, defendant regarded plaintiff as having a minor injury that temporarily interfered with her ability to perform all the functions of a licensed practical nurse, including lifting and turning patients. The evidence does not reflect that defendant treated plaintiff as being permanently disabled.

Plaintiff, therefore, was not disabled within the meaning of Section 12102(2)(C), Title 42, U.S.Code.

The trial court correctly granted defendant summary judgment on plaintiff's claim that it discriminated against her in violation of the ADA because there were no genuine issues of material fact regarding (1) whether plaintiff had a physical impairment that substantially limited a major life activity, or (2) whether defendant treated her as having an impairment that substantially limited a major life activity. Plaintiff's second assignment of error is overruled.

## III

Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.