DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dale McPherson, appeals from the judgment of the Summit County Court of Common Pleas that denied his motion for a continuance pursuant to Civ.R. 56(F), and that granted the motion for summary judgment and the motion to strike evidence of Appellee, Goodyear Tire Rubber Company ("Goodyear"). We affirm.
 i. {¶ 2} On June 9, 1999, Mr. McPherson filed a complaint against Goodyear, alleging discrimination, wrongful discharge, and infliction of emotional distress. Mr. McPherson requested Goodyear to produce various documents. Subsequently, Goodyear moved for a protective order. The trial court denied Goodyear's motion for a protective order, and instructed Goodyear to produce the documents outlined in Mr. McPherson's request.
 {¶ 3} Following the trial court's denial of Goodyear's motion, Goodyear withheld some of the documents, claiming privilege. Mr. McPherson moved to compel Goodyear to produce the withheld documents. Goodyear countered by moving to strike certain exhibits and transcripts. On May 5, 2001, the trial court granted Mr. McPherson's motion. Goodyear timely appealed to this court, and, on October 17, 2001, this court affirmed the trial court's decision. McPherson v. Goodyear Tire Rubber Co. (Oct. 17, 2001), 9th Dist. No. 20579.
 {¶ 4} Thereafter, Goodyear moved for summary judgment and moved to strike the evidence of Mr. McPherson. Mr. McPherson countered and moved for a continuance pursuant to Civ.R. 56(F). The trial court denied Mr. McPherson's motion for a continuance, and it granted Goodyear's motion for summary judgment and its motion to strike evidence. It is from this judgment that Mr. McPherson timely appeals, and raises four assignments of error for review. As assignments of error two, three, and four concern similar issues of law, we will address them together.
 ii. A. First Assignment of Error
"The court erred in granting [Goodyear's] motion to strike evidence and denying [Mr. McPherson's] Rule 56(f) motion for continuance to permit limited discovery."
 {¶ 5} In his first assignment of error, Mr. McPherson alleges that the trial court erroneously granted Goodyear's motion to strike evidence on the basis that the evidence constituted hearsay and/or was not properly authenticated. Specifically, the evidence that Goodyear sought to be stricken was that evidence which Mr. McPherson submitted with his motion in opposition to Goodyear's motion for summary judgment. Mr. McPherson also alleges that the trial court erred when it denied his motion for a continuance pursuant to Civ.R. 56(F). We disagree with Mr. McPherson's allegations.
 {¶ 6} We begin our review concentrating on Mr. McPherson's first allegation, specifically, the trial court's decision to grant Goodyear's motion to strike evidence.
 {¶ 7} A trial court may only consider evidence properly submitted with a motion for summary judgment, if the evidence is admissible at trial. See, generally, Brady-Fray v. Toledo Edison Co., 6th Dist. No. L-02-1260, 2003-Ohio-3422, at ¶ 30, citing Hall v. Fairmont Homes,Inc. (1995), 105 Ohio App.3d 424, 436. Generally, the trial court retains the discretion to admit or exclude evidence. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus; State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, citing State v. Maurer (1984),15 Ohio St.3d 239, 265. As such, an appellate court will not disturb such a decision regarding the admission or exclusion of evidence absent an abuse of discretion that has materially prejudiced the appellant. Sage,31 Ohio St.3d at 182; Ditzler, supra; see, also, State v. Ali (Sept. 9, 1998), 9th Dist. No. 18841. An abuse of discretion connotes more than an error of judgment, and instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Hearsay is defined as an out-of-court statement, which is offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). Generally, statements that constitute hearsay are inadmissible. Evid.R. 802; State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399. Therefore, it follows that evidence submitted with a motion for summary judgment or in opposition to such a motion that constitutes hearsay will not be considered by the trial court. See Bennett v. Roadway Express
(Aug. 1, 2001), 9th Dist. No. 20317. See, generally, Brady-Fray at ¶ 30, citing Hall, 105 Ohio App.3d at 436.
 {¶ 9} In addition to being admissible at trial, a trial court may only consider certain evidence and stipulations as set forth in Civ.R. 56(C). Specifically, the trial court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C). However, a document type not expressly mentioned in Civ.R. 56(C) may be considered by the court if it is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Modon v. Cleveland
(Dec. 22, 1999), 9th Dist. No. 2945-M, citing Bowmer v. Dettelbach
(1996), 109 Ohio App.3d 680, 684. Civ.R. 56(E) provides that this affidavit must be made on personal knowledge, and that a sworn or certified copy of the document referred to in the affidavit must be attached to or served with the affidavit. "`Personal knowledge' has been defined as `knowledge of factual truth which does not depend on outside information or hearsay.'" Modon, supra, quoting Wall v. FirelandsRadiology, Inc. (1995), 106 Ohio App.3d 313, 335. The requirement that the papers be sworn or certified is satisfied by a certification contained within the paper itself. Wall, 106 Ohio App.3d at 334, citingOlverson v. Butler (1975), 45 Ohio App.2d 9, 12.
 {¶ 10} "Documents submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value[.]" Green v. B.F. Goodrich Co., (1993),85 Ohio App.3d 223, 228. Consequently, a trial court may not consider these documents in deciding whether to grant the summary judgment motion. Id.
 {¶ 11} In the instant case, Goodyear sought to exclude Mr. McPherson's exhibits 58-75, which consisted of various emails and letters; the Bashen Report dated November 30, 1998; the Bashen Report dated December 3, 1998; GY02847-GY02848, GY02857-GY02858, GY02864-GY02865, GY02867-GY02871, and GY02903, which were assorted emails and letters; various portions of deposition testimony of Mr. McPherson and other witnesses; and other notes and documents. Upon a review of the record, we conclude that the trial court did not abuse its discretion when it granted Goodyear's motion to strike evidence. Specifically, the record reflects that Mr. McPherson failed to properly authenticate any of the aforementioned exhibits, reports, notes, letters, emails or documents with "a personal certification that they are genuine or * * * incorporate [them] by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Modon, supra, citing Bowmer, 109 Ohio App.3d at 684. Since these items, as introduced, did not meet the Civ.R. 56(F) requirements, these items were improperly before the trial court, and were not considered by the trial court when ruling on the motion for summary judgment. SeeGreen, 85 Ohio App.3d at 228.
 {¶ 12} Additionally, after thoroughly reviewing the statements in the deposition testimony of Mr. McPherson and other witness as highlighted by Goodyear, we find that these statements are hearsay, and do not fall within a well-recognized exception to the hearsay rule. Evid.R. 802; State v. Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351, at ¶ 5; State v. Goff, 154 Ohio App.3d 59, 2003-Ohio-4524 at ¶ 5. Accordingly, as the challenged evidence is neither authenticated nor admissible at trial, we conclude that the trial court properly granted Goodyear's motion to strike evidence. Consequently, Mr. McPherson's first assignment of error, as it pertains to this issue, is overruled.
 {¶ 13} We now turn to Mr. McPherson's allegation that the trial court erred when it denied his motion for a continuance pursuant to Civ.R. 56(F).
 {¶ 14} Civ.R. 56(F) permits a party to seek a continuance of summary judgment proceedings in order to conduct further discovery. Nevertheless, the trial court enjoys substantial discretion in the regulation of discovery proceedings. Amer Cunningham Co., L.P.A. v.Cardiothoracic Vascular Surgery of Akron, 9th Dist. No. 20899, 2002-Ohio-3986, at ¶ 16, citing Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668. See, also, State ex rel. TheV Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Therefore, absent an abuse of discretion, an appellate court will not reverse the trial court's ruling on such a matter. Marshall, 81 Ohio St.3d at 469. "`Despite this broad discretion held by trial courts in discovery matters, trial courts must consider the interests of parties seeking discovery and the interests of parties and nonparties resisting discovery.'" Ray v. Jacquemain, 9th Dist. No. 20851, 2002-Ohio-3192, at ¶ 11, quoting Martin v. The Budd Co. (1998), 128 Ohio App.3d 115,119.
 {¶ 15} "A party seeking a Civ.R. 56(F) continuance has the burden of stating a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance." Tandem Staffingv. ABC Automation Packing, Inc. (June 7, 2000), 9th Dist. No. 19774, citing Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131, 138. Further, "the party must do more than assert a general request; it must demonstrate that a continuance is warranted." Tandem Staffing, supra, citing Glimcher, 68 Ohio App.3d at 138.
 {¶ 16} In this case, Mr. McPherson sought a continuance to obtain additional depositions or other discovery. However, he failed to explain how this information was necessary to support his position. Specifically, in his motion for a continuance pursuant to Civ.R. 56(F), Mr. McPherson merely stated that he "request[ed] a continuance of ninety days in order to obtain verification through depositions of other discovery." As stated previously, "[a] party seeking a Civ.R. 56(F) continuance has the burden of stating a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance." Tandem Staffing, supra, citing Glimcher,68 Ohio App.3d at 138. Mr. McPherson failed to do so. Accordingly, we cannot conclude that the trial court abused its discretion when it denied Mr. McPherson's motion for a continuance pursuant to Civ.R. 56(F). Consequently, Mr. McPherson's first assignment of error, as it relates to this issue, is overruled.
 {¶ 17} Accordingly, Mr. McPherson's first assignment of error is overruled.
 B. Second Assignment of Error
"The court erred in granting summary judgment on the claims of discrimination."
 Third Assignment of Error
"The court err[ed] in granting summary judgment on the claim of violation of public policy."
 Fourth Assignment of Error
"The court err[ed] in granting summary judgment on the claim of intentional infliction of emotional distress."
 {¶ 18} In his second, third, and fourth assignments of error, Mr. McPherson avers that the trial court improperly granted summary judgment in favor of Goodyear. Particularly, Mr. McPherson asserts error in three different contexts: (1) discrimination, namely sex and disability discrimination; (2) wrongful discharge in violation of public policy; and (3) intentional infliction of emotional distress. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 19} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180, citing Tylerv. Kelley (1994), 98 Ohio App.3d 444, 446.
 Discrimination {¶ 20} R.C. 4112.02(A) provides that it is unlawful for an employer to discriminate against a person with respect to terms or conditions of employment because of the sex or handicap of a person.[1] Initially, we note that federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code, is applicable to cases involving R.C. Chapter 4112. Harold v. Bridgestone/Firestone, Inc.
(Sept. 16, 1998), 9th Dist No. 18915, citing Plumbers SteamfittersJoint Apprenticeship Commt. v. Ohio Civ. Rights Comm. (1981),66 Ohio St.2d 192, 196.
 {¶ 21} To succeed in an employment discrimination action, the plaintiff must prove that either disparate treatment existed, or that a disparate impact resulted due to any employer's discriminatory ways.Dunnigan v. Lorain, 9th Dist. No. 02CA008010, 2002-Ohio-5548, at ¶ 11, citing Abram v. Greater Cleveland Regional Transit Authority, 8th Dist. No. 80127, 2002-Ohio-2622, at ¶ 40. Disparate treatment occurs when an employer treats an employee less favorably than others based on an unlawful motive. Abram at ¶ 40, citing Internatl. Bhd. ofTeamsters v. United States (1977), 431 U.S. 324, 335, fn. 15,52 L.Ed.2d 396. A "disparate impact results from facially neutral employment practices that have a disproportionately negative effect on certain protected groups and which cannot be justified by business necessity."Abram at ¶ 41, citing Internatl. Bhd. of Teamsters, 431 U.S. at 335, fn. 15.
 {¶ 22} A plaintiff may establish a prima facie case of unlawful discrimination by producing either direct or indirect evidence of discrimination. Harold, supra. Direct evidence includes any nature of evidence that tends to show that the employer, more likely than not, was motivated by a discriminatory intent. Crosier v. Quickey Mfg. Co, Inc.
(Feb. 28, 2001), 9th Dist. No. 19863. Absent direct evidence in the record from which a prima facie case of discrimination can be established, a plaintiff may prove discrimination by showing the following: "(1) that [he] is a member of the protected class; (2) that [he] suffered an adverse employment action; (3) that [he] was qualified for the position; and (4) that comparable employees not within the protected class were treated more favorably." Harold, supra; McDonnellDouglas Corp. v. Green (1973), 411 U.S. 792, 802, 36 L.Ed.2d 668;Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, syllabus.
 {¶ 23} Once a prima facie case is established, the burden shifts to the employer who must then overcome the presumption of discriminatory intent by producing evidence of a legitimate, nondiscriminatory reason for his actions and practices. Mauzy v. Kelly Servs., Inc. (1996),75 Ohio St.3d 578, 582. If a nondiscriminatory reason is cited, the plaintiff is then required to show that the given reasons were merely a pretext for unlawful discrimination. Id. However, "mere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." (Citations omitted.) Carney v. Cleveland Hts.-Univ. Hts. City School Dist. (2001),143 Ohio App.3d 415, 429, quoting Powers v. Pinkerton, Inc. (Jan. 18, 2001), 8th Dist. No. 76333. Rather, the plaintiff must produce evidence that the employer's stated reasons were factually untrue. Reeves v.Sanderson Plumbing Prods., Inc. (2000), 530 U.S. 133, 148,147 L.Ed.2d 105. See, also, Carney, 143 Ohio App.3d at 429.
 Sex Discrimination {¶ 24} Both state and federal statutes prohibit discrimination based on gender. See R.C. 4112.02; Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42, U.S. Code. Sexual harassment which amounts to sex discrimination has been generally categorized as either quid pro quo harassment or a hostile work environment. SheffieldVillage of Ohio v. Ohio Civ. Rts. Comm. (June 7, 2000), 9th Dist. No. 99CA007283. Quid pro quo harassment occurs when an employer, either explicitly or implicitly, makes submission to sexual conduct a term or condition of employment, or when an employment decision affecting an individual is based upon that individual's submission to or the rejection of such sexual conduct. Id., citing Ohio Adm. Code 4112-5-05(J)(1)(a)-(b). "A hostile work environment occurs when a work atmosphere is so hostile to a protected class of individuals that it alters the conditions of the employment for individuals of that class." Sheffield Village of Ohio,
supra, citing Harris v. Forklift Sys., Inc. (1993), 510 U.S. 17, 21,126 L.Ed.2d 295.
 {¶ 25} The Equal Employment Opportunity Commission ("EEOC") guidelines provide that sexual favoritism may constitute quid pro quo harassment, or may create a hostile work environment. Sheffield Villageof Ohio, supra, citing the Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (Jan. 12, 1990) (hereinafter referred to as the "EEOC sexual favoritism policy"). The EEOC has adopted the position that Title VII does not prohibit isolated instances of preferential treatment based upon consensual romantic relationships. Sheffield Village of Ohio, supra, citing the EEOC sexual favoritism policy. Additionally, this court has noted that virtually all of the courts which have dealt with isolated incidents of sexual favoritism between truly consensual parties have concluded that these incidents do not amount to sex discrimination as a matter of law.Sheffield Village of Ohio, supra. See, e.g., Asp v. Ohio Med. Transp.
(June 29, 1999), 10th Dist. No. 98AP-1063 (declining to create a right to recovery in Ohio for "sexual favoritism" under R.C. 4112.02). InSheffield Village of Ohio, we also remarked, that, in a case where a third person-employee is denied the benefits which are received by the favored employee, the third person cannot sustain a claim based on quid pro quo harassment. See De Cintio v. Westchester Cty. Med. Ctr. (C.A. 2, 1986), 807 F.2d 304, 308 (stating that the appellees in that case "were not prejudiced because of their status as males; rather, they were discriminated against because [the administrator] preferred his paramour. Appellees faced exactly the same predicament as that faced by any woman applicant * * *: No one but [the paramour] could be considered for the appointment because of [the paramour's] special relationship to [the administrator]").
 {¶ 26} In the present case, Mr. McPherson bases his claim of sex discrimination solely on his alleged belief that Fordy Reed ("Reed") and Linda Allen ("Allen") were involved in a relationship, and that, due to this alleged relationship, Reed wanted Mr. McPherson terminated to create a position for Allen. However, a review of the record of the evidence properly before this court reveals that there is nothing that sufficiently corroborates Mr. McPherson's belief. Although the record does indicate that "rumors" had circulated concerning an alleged relationship between Reed and Allen, there was no evidence to support such rumors. In fact, both Reed and Allen had denied the rumors. Thus, we find that Mr. McPherson has not demonstrated that a cause of action lies with respect to his sex discrimination claim. Specifically, he has failed to adequately demonstrate that sexual favoritism occurred between Reed and Allen, and furthermore, that any other direct or circumstantial evidence exists to support his claim that he was discriminated against based on sex. Therefore, the trial court properly granted summary judgment to Goodyear with respect to his sex discrimination claim.
 Disability Discrimination {¶ 27} In Hood v. Diamond Products, Inc. (1996), 74 Ohio St.3d 298, paragraph one of the syllabus, the Supreme Court of Ohio articulated the requirements for a prima facie case of handicap discrimination:
"In order to establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." Id., citingHazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279, 281.
R.C. Chapter 4112 defines "disability" as
"a physical or mental impairment that substantially limits one or more major life activities including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." R.C.4112.01(A)(13).
"Substantially limits" means that the employee:
"(i) [is] [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [is] [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the population can perform the same major life activity." Pflanz v.Cincinnati, 149 Ohio App.3d 743, 2002-Ohio-5492, at ¶ 16, citing Section 1630.2 (j)(1), Title 29, C.F.R.
 {¶ 28} Not every physical or mental condition from which a person may suffer constitutes a handicap. See Maloney v. Barberton CitizensHosp. (1996), 109 Ohio App.3d 372, 376. In 1999, the United States Supreme Court decided a trilogy of cases interpreting the Americans with Disability Act. See Sutton v. United Air Lines, Inc. (1999), 527 U.S. 471,144 L.Ed.2d 450; Albertson's, Inc., v. Kirkingburg (1999), 527 U.S. 555,144 L.Ed.2d 518; and Murphy v. United Parcel Service, Inc. (1999),527 U.S. 516, 144 L.Ed.2d 484. In these cases, the Supreme Court made it clear that not every physical or mental impairment constitutes a disability, even though the person may have an impairment that involves one or more of his major life activities. This is so because the extent of the physical or mental impairment, regardless of its nature, must be substantially limiting. Albertson's, Inc., 527 U.S. at 563. As the Supreme Court explained, "the definition of disability also requires that disabilities be evaluated `with respect to an individual' and be determined based on whether an impairment substantially limits the `major life activities of such individual.'" Sutton, 527 U.S. at 483, citing § 12102(2), Title 42, U.S. Code. The Supreme Court further stated that the phrase "substantially limits" "is properly read as requiring that a person be presently — not potentially or hypothetically — substantially limited in order to demonstrate a disability."Sutton, 527 U.S. at 482. If the plaintiff is unable to establish a prima facie case of handicap discrimination, the trial court's grant of summary judgment to the defendant is correct. See Markham v. Earle M. JorgensenCo. (2000), 138 Ohio App.3d 484, 497.
 {¶ 29} In the instant case, Mr. McPherson asserts that his handicap is the "severe nerve damage to his foot[,]" which he asserts substantially impairs his life activity of walking. At his deposition, Mr. McPherson testified that he "[c]ouldn't walk. It hurt too bad." Mr. McPherson served as an Area Manager of Shipping and Receiving at the Mix Center. He explained that his job requirements included supervising Material-Inspect-Dispatch clerks ("MIDs") and janitors; ensuring that orders were assembled, documented, and shipped; and entering the hours worked by MIDs and janitors into the payroll computer. He also described how his alleged handicap affected him at work and merely stated that it prevented him from checking on the employees.
 {¶ 30} Mr. McPherson has failed to offer any probative evidence that his walking was substantially limited as a result of his alleged foot condition. See Albertson's, Inc., 527 U.S. at 563; Pflanz at ¶ 16. The record is completely devoid of any medical evidence that would establish Mr. McPherson's condition as severe, long term, or permanent. See Maloney, 109 Ohio App.3d at 377. Therefore, we cannot say that Mr. McPherson has shown a genuine issue of material fact as to whether his life activity of walking is substantially impaired. Accordingly, the trial court properly granted summary judgment to Goodyear on the disability discrimination claim.
 Wrongful Discharge in Violation of Public Policy {¶ 31} In his third assignment of error, Mr. McPherson alleges that the trial court erroneously granted summary judgment to Goodyear on his wrongful discharge in violation of public policy claim. However, Mr. McPherson fails to support his allegation with specific references to the record. "PRIVATE "TYPE=PICT;ALT=Jump to previous core term" It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority andfacts in the record." (Emphasis added.) State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M. See, also, App.R. 16(A)(7). When an appeal comes before this court for review, "it is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. This court will not guess at undeveloped claims on appeal. Elyria JointVenture v. Boardwalk Fries, Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336. Moreover, "[i]f an argument exists that can support [appellant's] assignments of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673. This court may disregard those assignments of error if the appellant fails to identify the relevant portions of the record from which the errors are based. Smith v. City of Akron Hous. Appeals Bd. of Dept. ofPub. Health, 9th Dist. No. 21103, 2003-Ohio-93. As Mr. McPherson's allegation is wholly unsubstantiated by any reference to evidence in the record, he has failed to carry his burden to establish that the trial court erred in awarding summary judgment to Goodyear on the wrongful discharge in violation of public policy claim; therefore, this court disregards this assignment of error. See id. Consequently, we overrule his third assignment of error.
 Intentional Infliction of Emotional Distress {¶ 32} The Supreme Court of Ohio has recognized the common law tort of intentional infliction of emotional distress, holding that
"[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." (Citation omitted) Yeager v.Local Union 20, Teamsters, Chauffeurs, Warehousemen Helpers of Am.
(1983), 6 Ohio St.3d 369, syllabus.
 {¶ 33} To maintain a claim for intentional infliction of emotional distress, the following elements must be proved: (1) the defendant intended to cause emotional distress, or knew or should have known his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency, and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychic injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable man could be expected to endure. Burkes v. Stidham (1995), 107 Ohio App.3d 363, 375, citingAshcroft v. Mt. Sinai Med. Ctr. (1990), 68 Ohio App.3d 359, 366.
 {¶ 34} In the same case in which the Supreme Court of Ohio first recognized the independent tort of intentional infliction of emotional distress, the Court discussed the meaning of the phrase "extreme and outrageous" conduct as stated in the second element to such a claim. Specifically, the Supreme Court quoted the following from the Restatement:
"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'
"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. * * * There is no occasion for the law to intervene in every case where some one's feelings are hurt." Restatement of the Law 2d, Torts (1965), Section 46, Comment d. See Yeager, 6 Ohio St.3d at 374-75, quoting.
 {¶ 35} In order to constitute serious emotional distress for the purposes of an intentional infliction of emotional distress claim, the injury that is suffered must surpass upset or hurt feelings, and must be such that "`a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.'" Jones v. White (Oct. 15, 1997), 9th Dist. No. 18109, quoting Davis v. Billow Co. Falls Chapel (1991), 81 Ohio App.3d 203,207. See, e.g., Graves v. Van Buskirk (Feb. 20, 1991), 9th Dist. No. 14785 (holding that the trial court did not err in granting summary judgment with respect to the appellant's intentional infliction of emotional distress claim, and supporting this decision with the fact that appellant had not submitted any medical records or bills to the court, that no testimony from independent witnesses or experts was offered to support claims of emotional distress; and that there was no evidence in the record to support such the existence of a definable physical or psychological problem).
 {¶ 36} Upon a review of the record, this court does not find that Mr. McPherson has established a claim for intentional infliction of emotional distress. Specifically, Mr. McPherson failed to demonstrate that Goodyear "intended to cause emotional distress or knew or should have known [its] actions would result in serious emotional distress" or that the conduct of Goodyear was extreme, outrageous, or intolerable. SeeBurkes, 107 Ohio App.3d at 375, citing Ashcroft, 68 Ohio App.3d at 366. Mr. McPherson did not present any independent testimony apart from his self-serving statements to illustrate his claim that Goodyear's actions result in any emotional distress. Mr. McPherson stated that he is currently receiving counseling for his alleged emotional distress. Despite this assertion, Mr. McPherson admitted that he did not seek counseling immediately, and further admitted that he began counseling approximately one and one-half years following his discharge from Goodyear.
"A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate `the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.'" (Citations omitted.) Bank One, N.A. v. Burkey (June 14, 2000), 9th Dist. No. 99CA007359 (Slaby, P.J., dissenting in part).
 {¶ 37} Consequently, we do not find that Mr. McPherson has demonstrated that a genuine issue of material fact exists, which would have entitled him to pursue his intentional infliction of emotional distress cause of action. Therefore, the trial court properly granted Goodyear's motion for summary judgment on the basis that Mr. McPherson has failed to assert a claim for intentional infliction of emotional distress. Accordingly, Mr. McPherson's fourth assignment of error is overruled.
 III. {¶ 38} Mr. McPherson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., Whitmore, J., concur.
[1] We note that the current version of R.C. 4112.02(A) uses the term "disability" instead of "handicap." As Mr. McPherson's termination was effective April 8, 1998, we refer to that version of the statute that was in effect at the time of the termination.