DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rebecca Higgins, appeals from the judgment of the Summit County Court of Common Pleas rendering a verdict in Appellant's favor on her negligence action and awarding her $1,400.00 in damages. This Court affirms.
 I. {¶ 2} On March 30, 1999, Appellee, Cindy Huntsman rear-ended a vehicle driven by Appellant. Appellant's daughter was the only passenger in her vehicle and Appellant was wearing her seat belt at the time of the accident. Because there was no serious damage to the automobiles, the parties simply exchanged information and proceeded on their way. No one summoned emergency personnel to the scene. Appellant later filed a traffic report and sought treatment for injuries sustained as a result of the accident.
 {¶ 3} Appellant originally filed suit against Appellee on March 27, 2001, claiming that her injuries were proximately caused by Appellee's negligence. Appellant voluntarily dismissed this complaint on June 20, 2002 and refiled it on June 11, 2003. Appellee did not deny her negligence in causing the accident but rather contested causation, based upon the low impact of the collision. The parties specifically contested whether the impact pushed Appellant's vehicle into the street; Appellant contends that it did and Appellee contends that it did not. The case proceeded to a jury trial on January 24, 2005. At trial, Appellant requested $20,000.00 for past medical expenses, damage to her vehicle, pain and suffering, and future medical expenses. Appellant specifically contended that she suffered chronic pain and numbness as a result of the accident. Appellant claimed that she suffered constant pain in her left shoulder, left arm and neck. After two days of trial, the jury returned a verdict in favor of Appellant in the amount of $1,400.00. The trial court denied Appellant's oral motion for judgment notwithstanding the verdict. The court entered judgment on the verdict on February 10, 2005. Appellant timely appealed this verdict, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE VERDICT OBTAINED IN THE INSTANT MATTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} In her only assignment of error, Appellant contends that the jury verdict was against the manifest weight of the evidence. Specifically, Appellant contends that the jury verdict of $1,400.00, far less than the $20,000.00 plus she claimed as consequential damages, shocked the conscience. We disagree.
 {¶ 5} We are mindful that an Appellant's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App. R. 16. Appellant's assignment of error directs this Court to consider whether the jury's verdict was supported by the weight of the evidence. However, Appellant has effectively argued that the jury's verdict was against the manifest weight of the evidenceand that the trial court erred in failing to grant her judgment notwithstanding the verdict, as Appellant contends that the verdict was the result of prejudice and "shocks the conscience." Appellant had the opportunity to contest both the jury's verdict and the trial court's denial of her motion for judgment notwithstanding the verdict and could have presented these arguments in two assignments of error. As demonstrated herein, we find that Appellant's argument fails under both grounds.
 {¶ 6} When an appellant challenges a judgment in a civil case as against the manifest weight of the evidence, an appellate court's standard of review is the same as that in a criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at *6. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
"[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 7} An appellate court that overturns a trial court's judgment as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten,33 Ohio App.3d at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at *7. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 8} "It is the jury's function to assess the proper amount of damages and `generally it is not for a trial [or appellate] court to substitute its judgment for that of the trier-of-fact.'" (Alterations sic.) Isquick v. Dale Adams Enterprises, Inc., 9th Dist. No. 20839, 2002-Ohio-3988, at ¶ 35, quoting Betz v. TimkenMercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218. However, if the surrounding facts and circumstances of a case establish that the jury verdict was the result of passion and prejudice, then the verdict must be set aside. Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 610. The size of a verdict, without more, is insufficient to prove passion or prejudice. Edwards v. Haase (Aug. 1, 2001), 9th Dist. No. 3121-M, at *2; Weidner v. Blazic (1994),98 Ohio App.3d 321, 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Edwards, supra, at *2, quoting Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65. To determine whether passion or prejudice affected a damage award, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon v. Bundy (1991),72 Ohio App.3d 767, 774, citing Fromson Davis Co. v. Reider (1934),127 Ohio St. 564, paragraph three of the syllabus.
 {¶ 9} A review of the trial transcript reveals that there was considerable dispute in this case regarding what injuries, if any, were caused by the accident. Appellant's daughter ("Amy") testified that her mother led a very active life prior to the accident and that her mother consistently participated in such activities as horseback riding, canoeing, rafting and miniature golf. On cross-examination, Amy also testified that her mother has participated in these activities since the accident, specifically horseback riding and miniature golf, but that the activities are less enjoyable.
 {¶ 10} Appellant testified that after the accident she developed a tingling sensation in her jawline and face, and numbness in her right arm and shoulder. She sought medical attention from Dr. Bailey who prescribed anti-inflammatory medication, muscle relaxers and physical therapy. She later visited a chiropractor, shoulder specialist, neurologist, massage therapist, acupuncturist and pain management clinic. Appellant testified that, despite all the medical attention, she continues to experience pain and constantly takes pain medication. Appellant also testified regarding her employment delivering newspapers. She explained that she is compensated in accordance with the number of papers she delivers each day. The jury heard evidence that Appellant reported nearly twice as much income in the years following the accident than in the preceding years.
 {¶ 11} Dr. Bailey, Appellant's family doctor, testified on her behalf and stated that Appellant suffers from fibromyalgia, or chronic pain, as a result of the accident. The jury also heard testimony from Dr. Pellegrino, Appellant's neurologist, who only examined Appellant one time. Dr. Pellegrino also diagnosed Appellant as suffering from fibromyalgia which he described as a medical condition that is characterized by pain that interferes with a person's everyday functions. Dr. Pellegrino testified that this condition was directly and proximately caused by the car accident.
 {¶ 12} Dr. Friedman, a neurologist who testified on behalf of Appellee, testified as follows: The American College of Rheumatology[1] has specifically held that there is no evidence nor any documented cases where trauma, such as that caused by a car accident, caused fibromyalgia. His examination of Appellant was "perfectly normal" and he found no evidence that Appellant is suffering from fibromyalgia. He opined that Appellant suffered no permanent injury as a result of the car accident and only suffered whiplash, which is a soft tissue injury that generally dissipates within a few weeks of trauma. Dr. Friedman reviewed Appellant's medical records, including a January 2000 MRI of her lower back. The MRI showed that Appellant had four herniated disks. He explained that this condition was "obviously degenerative, since you never get four herniations from any kind of trauma [,]" and is thus unrelated to the accident.
 {¶ 13} In her brief, Appellant has largely emphasized the discrepancy between her alleged damages and the jury's modest damage award. However, Appellant cannot demonstrate that the jury verdict is the result of passion or prejudice simply by alleging that it is much less than the damages she claims to have suffered. See Edwards, supra, at *2; Weidner,98 Ohio App.3d at 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Edwards, supra, at *2, quotingShoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65.
 {¶ 14} The only argument Appellant asserts to demonstrate that the jury's damage award was the result of passion or prejudice is contained in a one-sentence parenthetical in Appellant's brief. In it, Appellant alleges that the court erred in allowing testimonial evidence regarding (1) a March 2003 car accident wherein Appellant was again rear-ended and (2) possible future litigation stemming from the subsequent accident. This testimony was apparently admitted over defense counsel's objection.
 {¶ 15} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App.R. 16(A)(7); Loc.R. 7(A)(7). Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v.Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at *8. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria JointVenture v. Boardwalk Fries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. Further, this Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(E). As Appellant has failed to develop this argument regarding the March 2003 car accident, we decline to address it.
 {¶ 16} Upon review of the record, we believe that the jury could have reasonably chosen to believe either party's expert witnesses. We are persuaded that the jury simply elected to believe Dr. Friedman's testimony, who opined that Appellant is not suffering from fibromyalgia and that Appellant suffered no permanent injury as a result of the March 1999 car accident. Because the jury saw no physical evidence of Appellant's injury, i.e. x-rays, lab results, etc., and observed photographs of the vehicles, it is reasonable that the jury believed Dr. Friedman's testimony that Appellant suffered only mild whiplash. Dr. Friedman explained the factual basis for this conclusion in considerable detail. The jury's decision to find Dr. Friedman more credible does not shock the conscience.
 {¶ 17} The jury could also have reasonably concluded that Appellant is suffering from pain, but that the pain she currently feels was not proximately caused by the accident. The jury heard evidence that Appellant delivered nearly one thousand newspapers per day from her car window with her left arm. The jury could have, therefore, reasonably concluded that any pain Appellant currently suffers in her left side is a result of her pre-existing condition, herniated disks, which were aggravated by her repetitive use of her left arm.
 {¶ 18} Although there is some evidence that could have justified a larger award than $1,400.00, there was also substantial evidence of intervening causes that could have contributed to Appellant's injuries, pain, suffering, and medical bills. If the jury considered Appellant's medical bills for the first several months after the accident, they could have reasonably found Appellant's damages to have totaled less than a few thousand dollars. As this Court finds that Appellant has failed to demonstrate that the jury verdict was against the manifest weight of the evidence, we overrule Appellant's assignment of error.
 III. {¶ 19} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] Dr. Pellegrino testified that the American College of Rheumatology is the governing body of specialists in rheumatology who oversees board certification for rheumatologists. Dr. Friedman testified that rheumatology involves the treatment of arthritis and joints and overlaps with the treatment of muscle disease.