DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Defendant Curtis C. Chapman has appealed his conviction for robbery, arguing that his right to a speedy trial was violated. The trial court denied Mr. Chapman's motion to dismiss on that ground because it found the applicable time limit had been tolled by Mr. Chapman's filing of a pretrial discovery motion and pleading not guilty by reason of insanity. Mr. Chapman has argued that the trial court incorrectly accepted a speedy trial waiver signed by his lawyer over his objection. This Court affirms because, regardless of whether the trial court incorrectly accepted the speedy trial waiver, his discovery motion and *Page 2 
not guilty by reason of insanity plea tolled the running of the speedy trial period beyond the date on which he was convicted.
 FACTS {¶ 2} On April 27, 2006, the Lorain County Grand Jury indicted Mr. Chapman for robbery. The State arrested Mr. Chapman that same day, and he did not post bond. On May 11, 2006, court-appointed counsel for Mr. Chapman waived his right to a speedy trial, over Mr. Chapman's objection. Mr. Chapman also filed a motion for discovery. The State complied with the motion six days later.
 {¶ 3} On June 13, 2006, Mr. Chapman entered a plea of not guilty by reason of insanity. On June 28, 2006, the trial court referred Mr. Chapman to a psychologist for an evaluation of his mental condition and his competency to stand trial, but it appears an evaluation was never conducted. On August 7, 2006, Mr. Chapman's counsel withdrew and the trial court immediately appointed Mr. Chapman new counsel. On September 15, 2006, Mr. Chapman moved to reinstate his right to a speedy trial and also moved to dismiss the charge against him.
 {¶ 4} On September 22, 2006, the trial court held a hearing on Mr. Chapman's motion to dismiss. The trial court noted that Mr. Chapman had requested discovery and that he had pleaded not guilty by reason of insanity. It also noted that his insanity plea incorporated a motion for competency, requiring the court to schedule and arrange for a competency and insanity evaluation by a *Page 3 
psychologist. The trial court concluded, based on Mr. Chapman's request for discovery and his plea of not guilty by reason of insanity, that his speedy trial time limit had been tolled. The trial court, therefore, denied his motion to dismiss.
 {¶ 5} Following the trial court's denial of his motion to dismiss, Mr. Chapman changed his plea to no contest. After the trial court ensured that Mr. Chapman's plea was knowingly, intelligently, and voluntarily entered, it found him guilty of robbery and sentenced him to two years in prison. Mr. Chapman has appealed, assigning one error.
 RIGHT TO A SPEEDY TRIAL {¶ 6} Mr. Chapman has argued that the trial court erred when it denied his motion to dismiss because his right to a speedy trial was violated. Specifically, Mr. Chapman has asserted the trial court should not have accepted his counsel's waiver of his speedy trial rights, over his objection, without holding a hearing or otherwise investigating the conflict between him and his attorney.
 {¶ 7} Section 2945.71(C)(2) of the Ohio Revised Code provides that a person who is charged with a felony shall be brought to trial within 270 days of his arrest. Section 2945.71(E) further provides that each day a person is held in jail in lieu of bail counts as three days. Accordingly, because Mr. Chapman was never released on bail, the State had only 90 days to bring him to trial from the date of his arrest. *Page 4 
 {¶ 8} Section 2945.72 sets forth circumstances that toll the period of time for a speedy trial. Section 2945.72(B) provides the time period is extended during any period "which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined. . . ." Section 2945.72(E) provides the time period is extended during any period "necessitated by reason of a . . . motion . . . made or instituted by the accused." Section 2945.72(H) provides the time period is extended during "[t]he period of any continuance granted on the accused's own motion. . . ."
 {¶ 9} Mr. Chapman has not contested the trial court's finding that his discovery motion and plea of not guilty by reason of insanity tolled his speedy trial time period. He has, therefore, abandoned any error regarding the trial court's finding on those issues. See Uncapher v.Baltimore Ohio R.R. Co., 127 Ohio St. 351, 356 (1933) ("Errors not treated in [an appellate] brief will be regarded as having been abandoned "); McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at ¶ 31 ("This court will not guess at undeveloped claims on appeal.")
 {¶ 10} This Court is required to affirm the trial court's judgment if any valid grounds are determined on appeal to support it. McKay v.Cutlip, 80 Ohio App. 3d 487, 491 (1992). The trial court found that, although Mr. Chapman was chronologically beyond the 90-day speedy trial period, his motion and insanity plea had tolled the time period. *Page 5 
 {¶ 11} From the time Mr. Chapman was arrested to the time he filed a motion for discovery, 13 days passed. Another 27 days passed between the time the State complied with the discovery motion and the time Mr. Chapman entered his not guilty by reason of insanity plea. Mr. Chapman did not file his motion to reinstate his right to a speedy trial until September 15, 2006, and did not change his plea to no contest until September 22, 2006, the same day he was found guilty. Even if the clock began to run again when Mr. Chapman's first counsel withdrew, only 46 days passed between that day and Mr. Chapman's conviction. Adding those days to the 40 that had already passed, would still leave Mr. Chapman short of the 90 day time period for him to receive a speedy trial.
 {¶ 12} Because Mr. Chapman's discovery motion and not guilty by reason of insanity plea tolled his speedy trial period, whether Mr. Chapman's counsel had authority to waive his right to a speedy trial is immaterial. Mr. Chapman's conviction must be affirmed for the reasons stated by the trial court. His assignment of error is overruled.
 CONCLUSION {¶ 13} Mr. Chapman failed to argue that the trial court erred when it found his time period for a speedy trial was subject to tolling under Section 2945.72. His sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. and MOORE, J., CONCUR. *Page 1