[Cite as *Gargasz, Inc. v. Lorain Cty.*, 2014-Ohio-3532.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| WANDA L. GARGASZ, et al. | | C.A. No.   13CA010477 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LORAIN COUNTY, OHIO, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No.   05CV142979 |

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

BELFANCE, Presiding Judge.

{¶1}   Gargasz, Inc. and the estate of Edward Gargasz[1] (collectively "Plaintiffs") have appealed the decision of the Lorain County Court of Common Pleas granting summary judgment to Lorain County and Amherst Township (collectively "Defendants").  For the reasons set forth below, we reverse.

I.

{¶2}   In the previous appeal, we summarized the procedural history of this case as follows:

Mr. Gargasz owned and operated Gargasz, Inc.  One of his projects was Byrd's Nest subdivision to be built in Amherst Township.  On May 13, 2005, the Amherst Township Trustees voted, pursuant to Lorain County Subdivision Regulations 602.01 and 602.02, to demand an amount of money equal to four percent of the purchase price of the land being used for the Byrd's Nest subdivision.  On May 25, 2005, David Urig, an Amherst Township Trustee, sent

---

[1] Mr. Gargasz passed away subsequent to the parties filing for summary judgment and his estate was substituted as a party.

Mr. Gargasz a letter informing him of the resolution and demanding $9,959 in payment as required by the May 13, 2005 resolution.

Mr. Gargasz responded to the letter, arguing that the May 13, 2005 resolution was unconstitutional. Mr. Gargasz and Gargasz, Inc. * * * filed a complaint in the Lorain County Court of Common Pleas on August 2, 2005, against Amherst Township, Lorain County, and the Lorain County Planning Commission * * *, seeking declarations that the May 13, 2005 resolution and sections 602.01 and 602.02 of the Lorain County Subdivision Regulations were unconstitutional taxes, unconstitutional takings, and illegal acts. The Plaintiffs moved for summary judgment, and the Defendants filed a joint motion in opposition. The Defendants' joint motion in opposition was also a motion for summary judgment. Plaintiffs filed a response to Defendants' motion for summary judgment, the Defendants replied, and Plaintiffs filed a response to the Defendants' reply. The trial court ruled on the motions, denying the Plaintiffs' motion and granting the Defendants' motion for summary judgment.

(Footnote omitted.) *Gargasz v. Lorain Cty.*, 9th Dist. Lorain No. 12CA010215, 2013-Ohio-1218, ¶ 2-3. However, this Court dismissed the attempted appeal from the trial court's entry because the trial court had not resolved the declaratory judgment causes of action. *See id.* at ¶ 11. The trial court subsequently issued declarations, and Plaintiffs have appealed, raising three assignments of error for our review. For ease of discussion, we address Plaintiffs' assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FOUND THAT THE OWNER OF REAL PROPERTY DID NOT HAVE HIS CONSTITUTIONAL RIGHTS AND PROPERTY INTERESTS IMPAIRED AND VIOLATED BY AMHERST TOWNSHIP RESOLUTION 5/13/05[] AND SECTIONS 602.01 AND 602.02 OF THE LORAIN COUNTY SUBDIVISION REGULATIONS, AS APPLIED AGAINST HIM, AND IN FINDING THAT AMHERST TOWNSHIP RESOLUTION 5/13/05[] AND SECTIONS 602.01 AND 602.02 OF THE LORAIN COUNTY SUBDIVISION REGULATIONS DO NOT: - CONSTITUTE AN ARBITRARILY CALCULATED AND DETERMINED UNLAWFUL NONUNIFORM "TAX" ON THE GARGASZ REAL PROPERTY IN VIOLATION OF SECTION 2, ARTICLE XII OF THE OHIO CONSTITUTION; - CONSTITUTE A []NONUNIFORM TAX ON GARGASZ'S NEW CONSTRUCTION ONLY; - CONSTITUTE A

VIOLATION OF THE PROTECTIONS AFFORDED TO EDWARD J. GARGASZ UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; - CONSTITUTE A[N] "UNCONSTITUTIONAL TAKING" OF GARGASZ PROPERTY IN VIOLATION OF OHIO CONST ART I §§ 1, 19 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; - CONSTITUTE A DEPRIVATION OF GARGASZ'S PROPERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF OHIO CONST ART I §§1, 14 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO ISSUE A JUDGMENT DECLARING AND INVALIDATING AMHERST TOWNSHIP RESOLUTION 5/13/05, AND SECTIONS 602.01 AND 602.02 OF THE LORAIN COUNTY SUBDIVISION REGULATIONS AS REQUIRING AN UNCONSTITUTIONAL CASH EXACTION; THE TRIAL COURT ERRED IN FAILING TO FIND AND DECLARE THE "CASH EXACTION" DEMANDED ILLEGAL UNCONSTITUTIONAL, AND DIRECTLY VIOLATIVE [(SIC)] OF FEDERAL AND STATE CONSTITUTIONAL PROTECTIONS AFFORDED TO GARGASZ AS A LORAIN COUNTY, OHIO CITIZEN AND LANDOWNER.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO FIND AND DECLARE THAT SECTIONS 602.01 AND 602.02 OF THE LORAIN COUNTY SUBDIVISION REGULATIONS AND AMHERST TOWNSHIP RESOLUTION NUMBER 5/13/05 ARE UNCONSTITUTIONAL AND CONSTITUTE AN ILLEGAL TAX; AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS.

{¶3} Although Plaintiffs have set forth three assignments of error, their arguments are essentially that the trial court should not have granted Defendants' motion for summary judgment and that, instead, it should have granted their motion for summary judgment. In reviewing a trial court's ruling on a motion for summary judgment, "[w]e apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th

Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

**Defendants' motion for summary judgment**

{¶4} Plaintiffs filed a complaint seeking declarations as to whether Lorain County Subdivision Regulations Sections 602.01 and 602.02 (collectively "the Regulations") and Amherst Township Resolution 5/13/05 ("the Resolution") are unconstitutional takings, nonuniform taxes, or unlawful taxes upon real property. Lorain County Subdivision Regulations Section 602.01 provides,

> Provision shall be made if requested by the Commission for the allocation of areas for playgrounds, school sites, parks and other outdoor recreational facilities as indicated on the adopted or amended Lorain County Comprehensive Plan of Parks or other plan of the area in which the subdivision is located; the same to be made available by one of the methods as set forth in Section 602.02.

Section 602.02 sets forth the following methods for allocating areas:

> a. The dedication to public use on the plat of the parcel proposed for subdivision of a parcel of land equal to at least four percent (4%) of said parcel proposed for subdivision.

b. The conveyance by deed to an appropriate public body of a parcel of land equal to at least four percent (4%) of the parcel proposed for subdivision.

c. A conveyance or reservation to the owners of land within the proposed subdivision of a parcel of land equal to at least four percent (4%) of the parcel proposed for subdivision for use of the property owners within said subdivision.

d. Cash equal to four percent (4%) of the raw land acquisition cost of the parcel proposed for subdivision, if the parcel was acquired within the last ten (10) years. Such cash shall be paid to the political subdivision of which the proposed development is a part and shall be specified for limited use in acquiring park and open space land to serve the proposed development.

e. Such other method that may be mutually agreeable to the developer/subdivider, the Commission and the affected Township.

On May 13, 2005, Amherst passed the Resolution, which provided,

The Board of Trustees of Amherst Township requires cash equal to four percent (4%) of the raw land acquisition cost as specified in the Lorain County Recorders Office of the parcel for the Byrd['s] Nest Subdivision. Such cash shall be paid to Amherst Township and shall be specified for limited use in acquiring park and open space land to serve the development or such other method that may be mutually agreeable to the Board of Trustees. David C. Urig is authorize[d] to send notification to the developer regarding this matter.

{¶5} The Ohio Supreme Court "has consistently held that Section 3 of Article XVIII, or the Home-Rule Amendment, gives *municipalities the authority to impose exactions*, provided that the municipality is not *statutorily forbidden* from doing so, and the exactions meet constitutional standards." (Emphasis added.) *Home Builders Assoc. of Dayton & the Miami Valley v. Beavercreek*, 89 Ohio St.3d 121, 124 (2000). By contrast, however, counties and "townships are creatures of the law and *have only such authority as is conferred on them by law*." (Internal quotations and citation omitted.) (Emphasis added.) *Drees Co. v. Hamilton Twp.*, 132 Ohio St.3d 186, 2012-Ohio-2370, ¶ 13; *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel*, 67 Ohio St.3d 579, 582 (1993) (Counties "may exercise only those powers *affirmatively granted* by the General Assembly.") (Emphasis added.).

{¶6}     In *Drees*, the Ohio Supreme Court determined that certain impact fees imposed by a limited-home-rule township were an improper tax not authorized by general law. *Drees* at ¶ 1. The township resolution at issue involved four categories of impact fees and varied the amount of fee based upon land use.[2] *Id.* at ¶ 3. In determining that the resolution's impact fees were in effect a prohibited tax, the Court examined several cases, including *State ex rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow,* 62 Ohio St.3d 111 (1991), and *Am. Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgt. Dist.,* 166 F.3d 835 (6th Cir.1999). *See Drees* at ¶ 15-32. However, although instructive to the "fee-versus-tax issue," the Court recognized that neither case involved the type of assessment at issue in *Drees*. *See id.* at ¶ 33. Thus, the Court turned to the analysis of cases from other jurisdictions, including *Home Builders Assoc. of Mississippi, Inc. v. Madison*, 143 F.3d 1006 (5th Cir.1998), which considered an impact-fee plan and an ordinance with similar language to the resolution in *Drees*. *See Drees* at ¶ 38-39.

{¶7}     Ultimately, in arriving at the conclusion that the resolution was a tax not authorized by general law, the *Drees* court "analyzed the substance of the assessments, and not merely their form," *id.* at ¶ 41, and found that they did not result in any direct service to the landowner and were instead a "revenue-generating measure designed to support infrastructure improvements benefiting the entire township." *Id.* at ¶ 40. *See also id.* at ¶ 36 ("The parties also stipulated that the impact fees were imposed 'to offset increased services and improvements needed because of the development.' The impact fees are intended to prevent any diminishment of services to *anyone* in the township.") (Emphasis sic.).

---

[2] The fees included a road-impact fee, a fire-protection-impact fee, a police-protection-impact fee; and a park-impact fee. *Id.* at ¶ 3.

{¶8} Although it appears that Amherst Township is a limited-home-rule-Township,[3] neither party alerted the trial court to the existence of *Drees* prior to the trial court rendering the final, appealable order in this case, nor does it appear that the trial court considered it in rendering its decision.[4] Instead, both parties relied upon *Beavercreek*, which established a dual-nexus test to evaluate whether an impact-fee ordinance was constitutional. *See Beavercreek*, 89 Ohio St.3d at 128. In order to satisfy the *Beavercreek* test, the government entity must first demonstrate a reasonable relationship between its governmental interest and the impact of new development. *See id.* "If a reasonable relationship exists, it must then be demonstrated that there is a reasonable relationship between the impact fee imposed * * * and the benefits accruing to the developer from [improvements of services funded by the fees]." *See id.* However, as noted above, *Beavercreek* involved a municipal impact fee ordinance and, therefore, did not require the Supreme Court to decide whether it was a fee or a tax before deciding whether the assessment was legal. *See id.* at 125. As *Drees* makes clear, the threshold inquiry in reviewing the legality of a monetary exaction imposed by a statutory entity such as a township or county is determining whether the exaction is actually a tax "'other than those authorized by general law.'" *See Drees*, 132 Ohio St.3d 186, 2012-Ohio-2370, at ¶ 14, quoting R.C. 504.04(A)(1).

{¶9} This is especially true given that the Plaintiffs specifically sought a declaration as to whether the monetary exaction set forth in the county Regulations and demanded by the township's Resolution constitutes an illegal tax. However, a review of Defendants' joint motion for summary judgment reveals that, at no point, do they address the issue of whether or not the

---

[3] The Lorain County Comprehensive Plan contained in the record indicates that all the townships in the county had adopted limited-home-rule governments.

[4] *Drees* was decided after the trial court's initial order granting summary judgment. However, it was decided a year prior to the trial court issuing the final, appealable order in this case.

assessment is a tax.[5] Thus, their joint-motion for summary judgment should have been denied with regard to that issue. *See Rowe v. Striker*, 9th Dist. Lorain No. 07CA009296, 2008-Ohio-5928, ¶ 7 ("[I]t is axiomatic that the trial court may not grant summary judgment in regard to any claim, where a party has not moved for judgment in regard to that claim.") (Internal quotations and citation omitted.). Furthermore, because the *first* step in analyzing the legality of the assessment in this case is determining whether it is a tax, the failure to discuss the issue requires a reversal on all of the issues. *See Drees* at ¶ 14.

{¶10} Accordingly, to the extent Plaintiffs challenge the trial court's award of summary judgment to the Defendants, their assignments of error are sustained.

**Plaintiffs' motion for summary judgment**

{¶11} Plaintiffs also argue that the trial court should have granted their motion for summary judgment. However, Plaintiffs' arguments are very difficult to follow, consisting of haphazard summaries of the facts in the case, general case law, and conclusory statements. For example, Plaintiffs repeatedly call the monetary exaction a tax without developing any argument as to why it is a tax. *See* App.R. 16(A)(7). Nor do they develop any argument as to why this Court should conclude there is no material dispute of fact based on the evidence in this case that the Defendants cannot satisfy the dual-nexus test established in *Beavercreek*. *See* App.R. 16(A)(7). It is not this Court's duty to create an appellant's argument, *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998), and, in light of the arguments advanced by Plaintiffs on appeal, we cannot conclude that the trial court erred in denying their motion for summary judgment.

---

[5] We note that, although it is unclear from the record that Lorain County invoked Section 602.01 in this case, Lorain County and Amherst have acted jointly with respect to responding to the declaratory judgment action.

III.

**{¶12}** Plaintiff's assignments of error are sustained to the extent they challenge the award of summary judgment to the Defendants and overruled to the extent they challenge the trial court's denial of Plaintiffs' motion for summary judgment. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and GERALD A. INNES, Assistant Prosecuting Attorney, for Appellee.

ABRAHAM CANTOR, Attorney at Law, for Appellee.