[Cite as *Hall v. Waseleski*, 2025-Ohio-2552.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CORY HALL, et al.

    Appellants

v.

KATHLEEN WASELESKI, et al.

    Appellees

C.A. Nos.     23CA011953
                24CA012173

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     21CV203232

DECISION AND JOURNAL ENTRY

Dated: July 21, 2025

STEVENSON, Judge.

{¶1} This is a consolidated appeal. In Case No. 23CA011953 ("First Appeal"), Plaintiffs-Appellants Cory Hall ("Hall") and Morgan Charles ("Charles") appeal the judgments of the Lorain County Court of Common Pleas granting Defendant-Appellee Estate of Kathleen Waseleski's ("Estate") motion for summary judgment and Defendant-Appellee MSRE Home Inspection Service's ("MSRE") motion for judgment on the pleadings.

{¶2} In Case No. 24CA012173 ("Second Appeal"), Plaintiffs-Appellants Hall, Charles, Jason Whitacre ("Whitacre"), and Flynn, Keith & Flynn, LLC ("Flynn") appeal the judgment of the Lorain County Court of Common Pleas granting the Estate's motion for sanctions and attorney fees.

{¶3} This Court affirms the judgments in the First Appeal but reverses the judgment in the Second Appeal.

I.

{¶4} Hall and Charles purchased real property from Kathleen Waseleski ("Waseleski") located at 840 Lakewood Beach Drive, Sheffield Lake, Ohio 44054 (the "Property"). Prior to the purchase, Waseleski prepared and signed a Residential Property Disclosure Form ("RPDF") as required by R.C. 5302.30. The RPDF stated that there was a small leak at the rear family room peak in the roof that had been fixed, and that an outside cleanout to pipe/drain had been installed in 2012. Hall and Charles viewed the Property with their real estate agent, Bea Vogel ("Vogel"), then made an offer to purchase with the contingency that they have a property inspection completed by a licensed inspector. Hall and Charles hired MSRE to perform the inspection and were present during the inspection. The inspection revealed damage to the roof and signs of non-professional repairs. The inspection report noted that a qualified roofer should be contacted for further repair and replacement. The report also noted signs of previous repair to the basement floors, needs for plumbing repairs including a non-functional sump pump, and fungi growth due to moisture in the basement. Regarding the basement, the report referred Appellants to the RPDF regarding past water intrusion and, based on the signs of previous repairs, advised that Hall and Charles should consult Waseleski as to any warranty information.

{¶5} Hall and Charles ultimately purchased the Property. The Purchase Agreement and Walk Thru Addendum acknowledged that the Property was being purchased "as is." After Hall and Charles moved into the Property, they noticed defects which they claim were not disclosed by Waseleski or discovered during the MSRE inspection. They claim the RPDF did not disclose that the Property's foundation was failing, cracking, bowing, and shearing; that the Property had poor exterior drainage, exterior foundation cracking, and other exterior deterioration conditions; that

Waseleski had installed a nonconventional interior water management drainage system; and that there were underground sewers and drainage problems which caused backup and flooding.

{¶6} In her deposition, Charles testified that prior to purchasing the home, she observed multiple cracks in the basement area that were not concealed and had access to the MLS photos and MSRE inspection report. She also admitted to being aware of the so-called nonconventional interior water management drainage system.

{¶7} In April 2021, Hall and Charles filed a complaint in the Lorain County Court of Common Pleas against Waseleski, the Russell Realty Company dba Russell Real Estate Services ("Russell"), Vogel, and MSRE for breach of contract, unjust enrichment, fraud, civil conspiracy, and negligence (MSRE only). Hall and Charles alleged in the complaint that they discovered the following defects after taking possession of the Property: 1) the failing basement's defective foundation walls had been covered, caulked, painted, and parged; 2) large foundation cracks had been covered, caulked, painted and parged; 3) a nonconventional interior water management drainage system had been installed; 4) roof leaks were concealed; 5) the stair-stepping cinder blocks had been covered, caulked, painted, and parged; and 6) signs of previous flooding had been covered by carpeting.

{¶8} In July 2021, Hall and Charles filed a notice of suggestion of death regarding Waseleski and were granted leave to amend the complaint to substitute the Estate as a defendant. Russell and Vogel answered the complaint. MSRE filed an answer and counterclaim but later dismissed the counterclaim. MSRE also moved for judgment on the pleadings. After Hall and Charles responded to MSRE's motion and MSRE replied, the trial court granted the motion.

{¶9} Thereafter the case proceeded against Russell, Vogel, and the Estate, who each moved for summary judgment. Hall and Charles responded in opposition and all three defendants

replied. The trial court granted the motions for summary judgment. Hall and Charles appealed the entries granting MSRE's judgment on the pleadings and the Estate's motion for summary judgment (the First Appeal). The Estate then moved for sanctions in the trial court under R.C. 2323.51 against Hall, Charles, Whitacre, and Flynn.

{¶10} This Court remanded the case to the trial court and stayed the matter pending a ruling from the trial court on the Estate's motion for sanctions. On remand, the trial court held an evidentiary hearing. At the hearing, the Estate presented two witnesses: Tina Taylor, Waseleski's daughter and the Trustee of the Estate, and Nathan Zion, an attorney who specializes in real estate litigation, who testified as to the reasonableness and necessity of the fees. Whitacre testified on behalf of the opposing parties. Following the submission of post-hearing briefs, the trial court granted the Estate's motion under R.C. 2323.51(A)(2)(a)(ii) and (iii) and awarded the Estate $31,816.60 in legal fees and expenses to be paid by Hall, Charles, and their counsel, Whitacre and Flynn. Hall, Charles, Whitacre, and Flynn appealed from that entry (the Second Appeal). This Court consolidated the First and Second Appeals for purposes of the record, oral argument, and decision but ordered that the briefing remain separate.

II.

**The First Appeal**

**FIRST ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE [ESTATE].**

{¶11} Summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *See Id.*; *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1998). Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996); *Mitseff* at 115 ("Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party."). If the nonmoving party fails to respond with a supporting "affidavit or as otherwise provided in [Civ.R. 56]" then "summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E); *Mitseff* at 115.

{¶13} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Ormandy v. Dudzinski*, 2011-Ohio-5005, ¶ 7 (9th Dist.).

{¶14} Regarding the breach of contract claim, the trial court concluded that the doctrine of caveat emptor precluded recovery. The trial court found that the Property's defects were open, obvious, or discoverable upon inspection; that none of the alleged defects were latent; and that

the MSRE report provided notice of the roof problems, foundation issues, baseboard/water management system, and previous repair to the basement floors. The trial court also found that the repairs made to the exterior premises were open to observation or discoverable as they were noted on the RPDF.

{¶15} Having found that the alleged defects were open and obvious, the trial court concluded that Hall and Charles (hereafter "Appellants") could only escape the application of caveat emptor by proving fraud through an affirmative misrepresentation or misstatement by Waseleski. The court concluded that Appellants presented no evidence of fraud, and that they "had a duty to inspect and inquire about the premises in a prudent, diligent manner and failed to do so, proceeding with the sale despite statements in the disclosure and the home inspection that alerted them to the defects now complained of."

{¶16} Regarding the unjust enrichment claim, the trial court concluded that summary judgment was warranted because "[t]he existence of a contract action generally excludes the opportunity to present the same case as a tort claim." The court concluded that there was no alternative duty owed by the Estate independent of the contract and granted summary judgment in favor of the Estate.

{¶17} As for the civil conspiracy claim, the trial court noted that civil conspiracy requires the existence of an unlawful act independent from the conspiracy itself, and because it had previously found that there was no genuine issue of material fact as to the fraud, breach of contract, and unjust enrichment claims, Appellants could not recover under this theory.

{¶18} For the reasons set forth below, we conclude that Appellants have failed to meet their burden on appeal under App.R. 16(A)(7), which states as follows:

> The appellant shall include in its brief, under the headings and in the order indicated, . . . [a]n argument containing the contentions of the appellant with respect

to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies. . . .*

(Emphasis added.)

{¶19} In construing App.R. 16(A)(7), this Court has consistency held that "[w]here an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him" and that "'if an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" *State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "'It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record'" *McPherson v. Goodyear Tire & Rubber Co.*, 2003-Ohio-7190, ¶ 31 (9th Dist.), quoting *State v. Taylor*, 1999 WL 61619, *3 (9th Dist. Feb. 9, 1999). In such cases where the appellant failed to develop an argument, we have also said that "[t]his court may disregard those assignments of error. . . ." *McPherson* at ¶ 31, citing *Smith v. City of Akron Hous. Appeals Bd. of Dept. of Pub. Health*, 2003-Ohio-93, ¶28 (9th Dist.). We have applied this principal in decisions involving appeals from summary judgment determinations. *See, e.g., Niederst v. Niederst*, 2024-Ohio-5297, ¶ 28 (9th Dist.); *Messer v. Summa Health Sys.,* 2018-Ohio-372, ¶ 71 (9th Dist.); *Gargasz, Inc. v. Lorain Cty.*, 2014-Ohio-3532, ¶ 11 (9th Dist.); *McPherson* at ¶ 31.

{¶20} Appellants' two-paragraph argument reads as follows:

At the core of the trial court's findings in favor of [the Estate] is the presumption that if Charles observed *some* damage to the [Property], then she could have no credible legal excuse failing to observe other damage to the [Property]. Specifically, between Appellants' Amended Complaint, Charles' deposition, the RPDF, the MSRE Inspection Report, and the Vovk report, there were numerous issues with the [Property]. Particularly in contrast with the Vovk report (cited to by both [the Estate] and [Appellants] and not referenced at all in the trial court's order granting summary judgment, [the Estate's] summary judgment motion fails to adequately

articulate or describe which of the property issues were attributable to Charles' observation. Where [the Estate's] questions to Charles were generalized and brief, the Vovk report goes into great and technical detail about each potential issue with the Property.

In order to find Appellants on notice of these properties, the trial court could only have concluded that notice of one issue is always notice of all issues and that Charles' averments in response to [the Estate's] summary judgment motion could not credibly establish a hidden, unobservable condition elsewhere. However, there is nothing in the law which permits the trial court to, on one hand, find that a crack or issue in one wall should have been visible, but a concealed larger, and more problematic, crack on another wall must have been visible.

{¶21} Appellants allege shortcomings in the Estate's motion for summary judgment regarding the issues with the Property in contrast with the Vovk report which was not mentioned in the trial court's order. While Appellants claim the Vovk report provides "great and technical detail about each potential issue with the [Property]," they do not point to where in the record the Vovk report is located nor to any specific portion of the report that demonstrates those alleged details. Appellants' argument is completely devoid of any citation to "*specific* facts, showing that there is a genuine triable issue" regarding the issues with the Property. (Emphasis added.) *Zimmerman,* 75 Ohio St.3d at 449 (1996); *Mitseff,* 38 Ohio St. 3d at 115. There are no citations to where precisely in any of the mentioned documents this Court could locate any specific fact that supports Appellants' argument. In essence, Appellants have asked this Court to sort through everything they have filed and pick out the relevant evidence for them. That task is the burden of the Appellants. It is not the duty of this Court to make Appellants' argument for them. For this Court to step into that role on behalf of the Appellants at this stage of the proceedings would deprive the Estate of adequate notice as of the submission of its brief.

{¶22} Further, Appellants cite no legal authorities whatsoever explaining how any alleged disputed facts are material under the relevant law. There is no reference to the doctrine of caveat emptor, which was the basis of the trial court's decision, nor to any law related to Appellants'

claims of breach of contract, unjust enrichment, or civil conspiracy and how the trial court erred in its conclusions regarding those claims. There is no citation to any case law that supports Appellants' position on the merits of their theories of liability. There is no reference to the findings and conclusions in the trial court's order that are allegedly in error.

{¶23} In sum, Appellants' argument is merely a series of unsupported allegations and conclusory statements without "citations to the authorities, statutes, and parts of the record on which appellant relies," App.R. 16(A)(7), and therefore, this Court is left to "root out" their arguments. *Cardone,* 1998 WL 224934, at *8 (9th Dist. May 6, 1998). The same is true of Appellants' reply brief except for a few citations to boilerplate law regarding caveat emptor. As such, they have not demonstrated any error by the trial court. *See Gargasz,* 2014-Ohio-3532, at ¶ 11 (9th Dist.) (appellants did not satisfy their burden under App.R. 16(A)(7) and *Cardone* in contesting the trial court's summary judgment decision where their arguments were "very difficult to follow, consisting of haphazard summaries of the facts in the case, general case law, and conclusory statements."). As in *Gargasz*, Appellants' arguments here consist of haphazard summaries of the facts in the case, general case law, and conclusory statements and do not meet the requirements of App.R. 16(A)(7) in demonstrating why this Court should conclude that there is a dispute of material fact regarding their claims.

{¶24} Accordingly, because Appellants have not shown this Court how they met their reciprocal *Dresher* burden of setting forth specific facts demonstrating that a genuine triable issue exists, we cannot conclude that the trial court erred in granting summary judgment in the Estate's favor. Their first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN GRANTING MSRE'S MOTION FOR JUDGMENT ON THE PLEADINGS ON THE BASIS THAT R.C. 4764.17**

**BARRED RECOVERY, WITHOUT A FINDING THAT THE PREREQUISITES FOR THE STATUTE HAD BEEN ADHERED TO BY MSRE.**

{¶25} In granting the Estate's motion for judgment on the pleadings, the trial court reasoned as follows:

> The Court finds that the one year statute of limitations applies to this case. Plaintiffs have initiated the action against MSRE for damages based upon the professional home inspection services rendered by MSRE's licensed home inspector on August 26, 2019. Plaintiffs did not commence this action until April 15, 2021, more than one year after the date of the performance of the home inspection. The Court does not find that there are applicable discovery or delayed damages exceptions. Accordingly, the matter against MSRE is time-barred.

{¶26} Appellants do not dispute that the applicable statute of limitations under R.C. 4764.17 (B) ("Civil Actions") for claims against licensed home inspectors in Ohio is "one year after the date that the home inspection is performed" and that the written agreement with MSRE contained the same language. Rather, they argue that in their response to MSRE's motion for judgment on the pleadings, they pointed out to the trial court that there were certain "prerequisites" for MSRE's invocation of the statute of limitations defense; that is, that under R.C. 4764.17(C) the statute of limitations defense is "tolled for the period that begins on the date the client notifies the licensed home inspector of the alleged deficiencies and that ends on the date that the licensed home inspector reviews, declines to review remedies, or declines to remedy the alleged deficiencies, whichever comes later." They argue that a court cannot grant judgment on the pleadings when there is a potential for tolling but "MSRE's . . . motion [did not] articulate compliance with the [tolling] prerequisites found within R.C. 4764.17(C)[,]" and where the trial court does not make a finding as to whether tolling applied. While Appellants acknowledge that their complaint is devoid of any allegations to suggest the statute of limitations could have been tolled, they argue on appeal that they were not required to anticipate all possible defenses and were

therefore not obligated to include in the complaint all circumstances that might negate potential affirmative defenses.

**{¶27}** MSRE argues that because Appellants did not allege in their complaint any circumstances that would have tolled the statute of limitations under R.C. 4764.17(C), the one-year statute of limitations began running on August 26, 2019, the date of the inspection, and the complaint was time-barred because it reflects on its face that the suit against MSRE was not filed until more than one-year later, on April 15, 2021. We agree with MSRE.

**{¶28}** Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings." *McCleland v. First Energy*, 2005-Ohio-4940, ¶ 6 (9th Dist.). "[D]ismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). "This court conducts a de novo review of a trial court's decision to grant a motion for judgment on the pleadings." *McCleland* at ¶ 6.

**{¶29}** Additionally, "a motion for judgment on the pleadings is an appropriate vehicle to use to seek a dismissal of a cause of action based on a running of the statute of limitations that is apparent from the face of the complaint." *Oskowski v. Mercy Med. Ctr.,* 1996 WL 125915, *2 (2d Dist. Mar. 22, 1996); *Hughes v. George F. & Mary A. Robinson Mem. Portage Cty. Hosp.*, 16 Ohio App.3d 80, 82 (11th Dist. 1984). Accordingly, if "the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is

appropriate." *Greenview Local School Dist. Bd. of Edn. v. Staffco Constr., Inc.*, 2016-Ohio-7321, ¶ 12 (2d Dist.).

{¶30} It is true as Appellants argue that a plaintiff whose claim against a home inspector is barred by the statute of limitations may be able to avoid that bar if tolling applies under R.C. 4764.17(C). Yet, while a plaintiff is not required to anticipate every possible affirmative defense, we agree with the Second District's pronouncement in *Oskowski* which instructs that,

> [h]owever, it seems reasonable to require the plaintiff to allege those factual matters [that would toll the running of the statute of limitations] in response to the motion for judgment on the pleadings, and there is nothing in this record to suggest that in the trial court [plaintiff] asserted any factual matters to avoid the running of the statute of limitations . . . . Accordingly, we conclude that [defendant] met its burden of demonstrating that it was entitled to judgment on the pleadings.

*Oskowski* at *2.

{¶31} Here, as in *Oskowski*, neither the complaint nor the amended complaint contain any allegations that Appellants notified MSRE of the alleged defects before they filed suit as required under R.C. 4764.17(C). Even if Appellants were not required to allege any facts supporting tolling in their complaint or amended complaint, they could have provided those facts in their response to MSRE's motion for judgment on the pleadings, but Appellants did not include any such supporting facts in their response. Appellants' opposition to MSRE's motion did not argue that they notified MSRE of any issues or deficiencies with the inspection before filing the complaint such that MSRE was placed on notice that tolling would have applied. It was clear from the face of the complaint that Appellants filed their negligence claim against MSRE on April 15, 2021, more than one year after MSRE conducted the home inspection, and thus, beyond the statute of limitations. Therefore, Appellants' complaint against MSRE is untimely under R.C. 4764.17(B).

{¶32} Accordingly, the trial court did not err in granting MSRE's motion for judgment on the pleadings. Appellants' second assignment of error is overruled.

**The Second Appeal**

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN FINDING THAT [APPELLANTS] ENGAGED IN FRIVOLOUS CONDUCT IN BRINGING AND/OR MAINTAINING A CASE NOT WARRANTED UNDER EXISTING LAW UNDER R.C. 2323.51(A)(2)(a)(ii).**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN FINDING THAT [APPELLANTS] ENGAGED IN FRIVOLOUS CONDUCT IN MAKING ALLEGATIONS OR OTHER FACTUAL CONTENTIONS THAT HAVE NO EVIDENTIARY SUPPORT UNDER R.C. 2323.51(A)(2)(a)(iii).**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WHITACRE ENGAGED IN FRIVOLOUS CONDUCT UNDER EITHER R.C. 2323.51(A)(2)(a)(ii) OR (iii).**

**ASSIGNMENT OF ERROR IV**

**THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY'S FEES TO [THE ESTATE] UNDER R.C. 2323.51(B).**

**{¶33}** We will address Appellants' assignments of error in a consolidated fashion because our conclusion regarding the trial court's finding of frivolous conduct is dispositive.

**{¶34}** R.C. 2323.51(B)(1) provides that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51 "permits a court to impose sanctions 'against a party, the party's counsel of record, or both.'" *P.N. Gilcrest Ltd. Partnership v Doylestown Family Practice, Inc*. 2011-Ohio-2990, ¶ 32 (9th Dist.), quoting R.C. 2323.51(B)(4).

{¶35} The trial court found that the Estate proved that the conduct of Hall, Charles, Whitacre, and Flynn (hereafter "Appellants") met the definition of frivolous conduct under R.C. 2323.51(A)(2)(a)(ii) and (iii). Frivolous conduct under those two sections is defined as follows:

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

{¶36} In reaching its decision, the trial court found that:

> what the evidence has shown in this case is that [Appellants] and counsel were aware of the state of the law in regard to *caveat emptor* and had no actual evidence to prove that the Estate had engaged in the required elements to demonstrate a breach of the contract at the time of the filing of the complaint and after discovery was completed. The defects that [Hall and Charles] complained about were open and obvious or reasonably discoverable and had in fact been either addressed in the pre-purchase inspection or were able to be observed by just looking as Plaintiff Charles admitted in discovery.
>
> . . .
>
> [Hall and Charles], however unsophisticated they may have been, had the unfettered opportunity to inspect the property; they did so and either accepted the defects or ignored all of the evidence that they were there. . . . Despite being aware of the state of the law and the legal and evidentiary insufficiencies of their claims, [Appellants] proceeded with their lawsuit. Accordingly, the Court finds that [Appellants] engaged in frivolous conduct as defined in R.C. 2323.51[A](2)(a)(ii) and (iii).

{¶37} Regarding claims of frivolous conduct under R.C. 2323.51, this Court has cautioned that:

> R.C. 2323.51 does not purport to punish a party for failing on a claim. Rather, it *must involve egregious conduct*. On appeal, [this court] will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent a showing of an abuse of discretion.

(Emphasis added.) (Internal quotations and citations omitted.) *Slattery v. Seemray LLC*, 2023-Ohio-2367, ¶ 34 (9th Dist.).

{¶38} The test for whether a claim is frivolous is whether "no reasonable attorney would have filed the action based upon the existing law." *Walters v. Carter*, 2020-Ohio-807, ¶ 14 (8th Dist.), citing *ABN Amro Mtge. Group, Inc. v. Evans*, 2013-Ohio-1557, ¶ 20 (8th Dist.). "'A party is not frivolous merely because a claim is not well-grounded. . . . Furthermore, [R.C. 2323.51] was not intended to punish mere misjudgment or tactical error. . . . Instead the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. . . ." *Riston v. Butler*, 2002-Ohio-2308, ¶ 29 (1st Dist.), quoting *Hickman v. Murray*, 1996 WL 125916, *5 (2d Dist. Mar. 22, 1996). "Reliance on a client's representations. . . even where there is contradictory documentary evidence available, is not necessarily unreasonable." *Riston* at ¶ 31.

{¶39} "Egregious conduct" as contemplated under R.C. 2323.51 is that which "'serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained.'" *Harold Pollock Co., LPA, v. Bishop,* 2014-Ohio-1132, ¶ 19 (9th Dist.), quoting *Indep. Taxicab Assn. of Columbus v. Abate*, 2008-Ohio-4070, ¶ 22. (10th Dist.).

{¶40} As for our standard of review, "'[t]he term 'abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983) quoting State v. Adams, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, a reviewing court is precluded from substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "On review, an appellate court examines the record to determine whether the trial court's factual findings were supported by competent, credible evidence." *NationsRent v. Michael Constr. Co.*, 2002 WL 462866, *3 (9th Dist. Mar. 27, 2002); *see also Jefferson v. Creveling*, 2009-Ohio-1214, ¶ 12 (9th Dist.).

{¶41} Upon our review of the transcript, relevant law, the pleadings, and the parties' briefs in this matter, we conclude that the trial court abused its discretion by granting the Estate's motion for sanctions and attorney's fees because Appellants' conduct does not qualify as frivolous. Attorney Whitacre testified that when he received Hall's and Charles' file from their first attorney, Jason Romano, he reviewed the file, the RPDF, the Vovk report, the MSRE report, and other documents from Hall and Charles. Whitacre believed that the areas of the Property where Hall and Charles claimed they found defects were different from the defects presented in the MSRE report and that nothing about the defects in the MSRE report made Hall and Charles aware of the later-discovered defects. He believed that "the issues were essentially unrelated." He further testified that the Vovk report was based on an expert's opinion to a reasonable degree of scientific certainty that Waseleski had made "active efforts" to conceal the issues with the Property. Whitacre testified on cross-examination that he understood the doctrine of caveat emptor but did not believe it was dispositive because of Waseleski's alleged fraudulent misrepresentations, which would serve to bar recovery under caveat emptor. He believed that the evidence presented by the Estate on summary judgment was not "summary judgment quality evidence" that would have shifted the burden. He also believed that there was evidentiary support in opposition to the Estate's motion for summary judgment in the form of Charles' affidavit, which was intended to clarify statements in her deposition.

{¶42} This record does not demonstrate that Appellants engaged in "egregious" conduct; that is, "conduct that 'serve[d] to harass or maliciously injure [the Estate]. . . or [was] unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained.'" *Harold Pollock Co., LPA*, 2014-Ohio-1132, at ¶ 19 (9th Dist.), quoting *Indep. Taxicab Assn. of Columbus, Inc.*, 2008-Ohio-4070, at ¶ 22 (10th Dist.). The

record does not reflect that Appellants lacked any evidentiary grounds to support the complaint to the best of their knowledge, information, and belief, and that "no reasonable lawyer could argue the claim" *Walters*, 2020-Ohio-807, at ¶ 25 (8th Dist.). There is no competent, credible evidence showing that the complaint was not filed in good faith based on Hall's and Charles' representations and Whitacre's review of the documentary evidence available at the time of the complaint, including an independent expert report. There is no competent, credible evidence demonstrating that Hall's and Charles' facts were "plainly devoid of truth" and that Whitacre should not have relied on them. *Tomb & Assocs., Inc. v. Wagner*, 82 Ohio App.3d 363, 368 (2d Dist. 1992) (in a breach of contract action, plaintiff's attorney admitted he knew there was no contract formed with the defendant.). Whitacre never testified that he knew the complaint was not well-grounded in either fact or law yet proceeded with the case nonetheless. Whitacre reviewed his clients' statements and allegations, the RPDF, the Vovk report, the MSRE report, and the accompanying photographs. Based on those documents, he genuinely believed there was evidence suggesting Waseleski knowingly failed to disclose defects.

{¶43} The Estate's argument does not implicate Hall and Charles separately from the actions of Whitacre. The Estate refers to "Appellants" collectively as being liable for the alleged frivolous conduct in this matter and accuses them all based on the same actions. Therefore, although Whitacre was the only witness to testify on behalf of Appellants, the fact that Whitacre's actions do not meet the definition of frivolous conduct is also imputed to Hall and Charles as the Estate does not accuse them separately.

{¶44} Accordingly, based on the foregoing, we conclude that Appellants' assignments of error in the Second Appeal have merit and are sustained. The trial court's decision granting the

Estate's motion for sanctions and award of attorney's fees and expenses to the Estate was an abuse of discretion and is reversed.

III.

{¶45} Based on the foregoing, we affirm the judgments of the Lorain County Court of Common Pleas in the First Appeal granting summary judgment in favor of the Estate and granting MSRE's motion for judgment on the pleadings. However, we reverse the judgment in the Second Appeal granting the Estate's motion for sanctions and award of attorney fees and expenses.

Judgments affirmed in 23CA011953,
and reversed in 24CA012173.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants in 23CA011953.

Costs taxed to Appellees in 24CA012173.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶46}** I concur in the majority's resolution of the second assignment of error in the First Appeal and in the resolution of the Second Appeal. I respectfully dissent from the majority's judgment as to the first assignment of error in the First Appeal as I would address the argument on the merits and conclude that the trial court improperly weighed the evidence in granting summary judgment. Notably, the trial court failed to even mention Hall's and Charles' expert in ruling on the motion for summary judgment.

<u>APPEARANCES:</u>

JASON A. WHITACRE, Attorney at Law, for Appellants.

FRANK G. MAZGAJ, Attorney at Law, for Appellants.

MICHAEL FORTNEY, Attorney at Law, for Appellee.

ROBERT E. LAZZARO, Attorney at Law, for Appellees.

JASON WINTER and JENNA MELIA, Attorneys at Law, for Defendant.